IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS AQUINO, : | |
|     Petitioner : | |
| : | Criminal Action No. 1:06-cr-287 |
| v. : | (Chief Judge Kane) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

**MEMORANDUM ORDER**

On May 18, 2010, the Court denied Petitioner Nicholas Aquino's motion to vacate sentence and denied a certificate of appealability. (Doc. No. 70.) The clerk entered the Court's order on that date. (Id.) On April 28, 2011,[1] the Court received a letter from Petitioner requesting an update regarding the status of the habeas petition this Court denied on May 18, 2010. (Doc. No. 71.) The clerk forwarded the Court's May 18, 2011 memorandum and order to Petitioner on April 28, 2010. On May 12, 2011, Petitioner sent another letter to the Court in which he stated his belief that he had one year from the date of the opinion to file an appeal, but requested an extension of time to file such appeal given the complexity of the issues and his late notice in discovering that this Court had ruled on his motion. (Doc. No. 72.) The Court construed Petitioner's motion as a motion to reopen time and denied the motion on May 16, 2011. (Doc. No. 73.) On May 24, 2011, Petitioner filed the instant motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 74.)

Fed. R. Civ. P. 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal

---

[1] The letter is stamped April 23, 2011, was received by the clerk of court on April 27, 2011, was docketed on April 28, 2011, and was dated by Petitioner April 29, 2011.

1

>representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Relief may only be granted if it is sought within a reasonable time, which for grounds (1), (2), and (3), cannot exceed one year of the entry of the judgment. Id. at 60(c)(1). If the claim is found to have been filed within a reasonable time, the determination whether to grant or deny relief will lie in the Court's sound discretion. Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 256 (3d Cir. 1986). However, while the Court has discretion to grant or deny relief pursuant to Rule 60(b), the Rule does not confer a "standardless residual of discretionary power to set aside judgments." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987) (internal citations omitted). Finally, the Court emphasizes that a "Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quotation omitted); see also James v. V.I. Water & Power Auth., 119 F. App'x. 397, 401 (3d Cir. 2005).

Petitioner's sole basis for seeking relief pursuant to Rule 60 of the Federal Rules of Civil Procedure appears to be that he wishes to introduce a copy of a police report. (Doc. No. 74.) Accordingly, the Court will construe his motion as one brought pursuant to Rule 60(b)(2) asserting a claim of newly discovered evidence. Fed. R. Civ. P. 60(b)(2). Setting aside the issue of whether the instant motion is indeed timely, the motion must fail on the merits. Rule 60(b)(2)

provides that if a party produces "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," the judgment may be opened. Fed. R. Civ. P. 60(b)(2). "Newly discovered evidence" refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). Thus, the evidence presented must have been discovered after trial and the failure to learn must not have been caused by a lack of diligence. United States v. Meyers, 484 F.2d 113, 116 (3d Cir. 1973). Moreover, the evidence must be material to the issues involved, not merely cumulative or impeaching, and must be of such a nature that it would probably change the outcome of the trial. Id. "The movant under Rule 60(b) bears a heavy burden which requires more than a showing of potential significance of the new evidence." Bohus, 950 F.2d at 930 (quoting Plisco, 379 F.2d at 17) (internal quotations omitted). In Stridiron, the Third Circuit granted the defendant's Rule 60(b)(2) motion where it was shown that plaintiff made a serious misrepresentation during discovery concerning information that was uniquely within plaintiff's knowledge, causing defendant substantial delay in discovery to obtain this information. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). The police report that forms the basis of Petitioner's Rule 60(b)(2) motion was known to Petitioner at the time he filed his motion to vacate. Indeed, in his motion to vacate Petitioner asserted that counsel was incompetent for his failure to introduce that police report during sentencing. (Doc. No. 58 at 13.) Because this evidence was known to Petitioner at the time he filed his motion to vacate, it is not newly discovered and cannot form the basis of a Rule 60(b)(2) motion.

**ACCORDINGLY**, on this 20th day of June 2011, **IT IS HEREBY ORDERED THAT**

Petitioner's Rule 60(b) motion (Doc. No. 74) is **DENIED**.

     S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania