# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AQUINO, | : | |
|     Petitioner | : | No. 1:06-cr-287 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |
| | : | |

## MEMORANDUM

Before the Court is Petitioner Nicholas Aquino ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 80), as supplemented with permission of the Court by his Supplement to Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 89). For the reasons that follow, the Court will deny Petitioner's motion.

## I.      BACKGROUND

On January 17, 2007, Petitioner Nicholas Aquino ("Petitioner"), in accordance with a Plea Agreement (Doc. No. 22), pled guilty to two (2) counts of an eight-count Indictment (Doc. No. 1) pending against him (Doc. No. 26). The two counts included: brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 7);[1] and

---

[1] Specifically, Count 7 of the Indictment charged that:

> [o]n or about September 6, 2005, in Cumberland County, Pennsylvania, within the Middle District of Pennsylvania, Nicholas Aquino did intentionally and knowingly use, carry, possess, and brandish firearms during, in relation to, and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States; namely, the robbery of the Weis Market, a robbery which obstructed, delayed and affected interstate commerce, in that the Weis Market does business in and affecting interstate commerce, in violation of Title 18, United States Code, Section 1951(a), and did aid and abet the same. All in violation of Title 18, United States Code, Section 924(c) and 2.

(Doc. No. 1 at 7.)

conspiracy to interfere with commerce by threats of violence, in violation of 18 U.S.C. § 1951(a) (Count 8).  (Doc. Nos. 1, 22.)  With regard to those two counts, the Plea Agreement provided as follows:

> The defendant agrees to plead guilty to count seven of the indictment, which charges the defendant with a violation of Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a crime of violence . . . . Also, the defendant agrees to plead guilty to count eight of the indictment, which charges the defendant with a violation of Title 18, United States Code, Section 1951(a), criminal conspiracy to interfere with commerce by threats of violence.

(Doc. No. 22 at ¶ 1.)

A Presentence Report ("PSR") determined that Petitioner's sentencing guideline range was 188 to 235 months with a consecutive term of 84 months based on his conviction under 18 U.S.C. § 924(c).  On May 14, 2007, the Court adopted the PSR, granted Petitioner a downward departure, and sentenced him to 220 months' imprisonment.  (Doc. No. 41.)  His sentence consisted of 136 months' imprisonment on Count 8 and a term of 84 months' imprisonment on Count 7, to run consecutively to each other.  (Doc. No. 42 at 2.)  Petitioner's Judgment provided that Counts 1 through 6 of the Indictment were dismissed pursuant to the motion of the United States.  (Id. at 1-2.)[2]  Petitioner filed a direct appeal to the United States Court of Appeals for the Third Circuit on May 22, 2007.  (Doc. No. 39.)  The Third Circuit affirmed the Court's judgment on April 25, 2008.  See United States v. Aquino, 276 F. App'x 135 (3d Cir. 2008).

On May 9, 2016, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 80), on the basis that his consecutive sentence pursuant to 18 U.S.C. § 924(c) violates due process and should be vacated based on the United

---

[2]  The dismissed counts charged five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts 1-3, 5, 6) and one count of use of a firearm in connection with a crime of violence (Count 4).

States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[3] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague.  Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner.  (Doc. No. 81.)

Because Petitioner had previously filed a Section 2255 motion, his counsel filed a motion to hold his motion in abeyance pending permission from the Third Circuit Court of Appeals to file a successive Section 2255 motion.  (Doc. No. 82.)[4]  This Court granted the motion by Order dated May 16, 2016.  (Doc. No. 83.)  Following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Third Circuit granted Petitioner's application to file a supplemental Section 2255 motion.  (Doc. No. 88.)

After the Third Circuit granted Petitioner permission to file the instant successive 2255 motion, Petitioner filed a counseled Supplement to Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  (Doc. No. 89.)  In that filing, Petitioner's counsel stated that, in connection with the proposed Motion to Vacate, Set Aside, or Correct Sentence previously filed with the Third Circuit and newly filed in this Court (Doc. No. 88-1), counsel "incorrectly identified the crime underlying the Section 924(c) conviction (Count 7) as conspiracy to commit Hobbs Act robbery," maintaining that "[t]he correct underlying crime of violence with respect to

---

[3] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

[4] Counsel filed a copy of Petitioner's proposed motion to vacate or correct sentence as an exhibit to his request to the Third Circuit.  (Doc. No. 88-1.)

3

the Section 924(c) conviction is a completed Hobbs Act robbery." (Doc. No. 89 at 3.) Accordingly, counsel represented that "[b]ecause of counsel's mistake in identifying the crime of violence underlying the Section 924(c) conviction, the undersigned and [Petitioner] have a difference of opinion as to how this case should proceed." (Id. at 4.) Counsel represented that she would be "filing a motion to withdraw and requesting that [the Court] appoint CJA counsel to take over the representation of [Petitioner]." (Id.) Thereafter, Petitioner's counsel filed a Motion to Withdraw as Counsel (Doc. No. 90), which the Court granted by Order dated September 25, 2019 (Doc. No. 91). In that September 25, 2019 Order, the Court appointed Edward J. Rymsza, Esquire, to represent Petitioner for purposes of presenting his claim for relief under Johnson. (Id.)

After receiving a letter from Petitioner regarding his motion (Doc. No. 92), the Court issued an Order directing the parties to confer and file a status report (Doc. No. 94). On November 12, 2019, the parties filed a status report (Doc. No. 95), wherein Petitioner's new counsel requested the opportunity to file a supplemental brief in support of Petitioner's motion. The Court issued an Order granting Petitioner's request and setting a briefing schedule for Petitioner's motion. (Doc. No. 96.) Petitioner filed his supplemental brief on December 30, 2020 (Doc. No. 97), the Government filed its brief in opposition on January 29, 2020 (Doc. No. 98), and Petitioner filed his reply brief on February 11, 2020 (Doc. No. 99).

Petitioner's briefing in support of his motion initially asserted his argument that his conspiracy to commit Hobbs Act robbery conviction at Count 8 served as the predicate crime of violence for his Section 924(c) conviction at Count 7, and that such a conspiracy offense fails to qualify as a crime of violence under Section 924(c)'s elements clause after Davis. Petitioner's secondary argument in support of his motion is that, even if the predicate crime of violence for

4

purposes of his Count 7 conviction is a completed Hobbs Act robbery, such a crime is similarly not a crime of violence under Section 924(c)'s elements clause after Davis. On March 25, 2020, this Court issued an Order addressing Petitioner's initial argument and concluding that the relevant crime of violence for purposes of Petitioner's 924(c) conviction is Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. (Doc. No. 100 at 10.) Noting that the issue as to whether Hobbs Act robbery constitutes a crime of violence under Section 924(c) after Davis was under consideration by the Third Circuit in two joined cases, United States v. Copes, No. 19-1494, and United States v. Monroe, No. 16-4384, and that the Third Circuit's decision in those cases would inform the Court's ultimate resolution of Petitioner's motion, the Court stayed its resolution of Petitioner's motion pending a decision from the Third Circuit in the above-referenced cases. (Id.)

On January 11, 2021, Petitioner's counsel filed an Updated Status Report (Doc. No. 117), informing the Court that, on January 6, 2021, a three-judge panel of the Third Circuit issued a non-precedential opinion in Copes and Monroe holding that Hobbs Act robbery is a crime of violence under the elements clause of Section 924(c). (Doc. No. 117-1.) Accordingly, "[i]n light of those decisions," Petitioner requested that this Court issue a final order and certificate of appealability with regard to his Section 2255 motion. (Doc. No. 117 at 2-3.) Petitioner's Section 2255 motion is therefore ripe for resolution.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was

5

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or its otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on Johnson. Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, possesses, brandishes, or discharges a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(i)-(iii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See id. § 924(c)(3). Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of fifteen (15) years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." See id. § 924(e)(2)(B)(i). The Supreme Court's decision in Johnson invalidating this clause as unconstitutionally vague gave rise to additional constitutional

6

challenges to similar residual clauses.  See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); see also Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of a crime of violence).

Finally, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner's motion – whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague.  On June 24, 2019, the Supreme Court issued its decision in Davis, extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[5]  Accordingly, after Davis, an offense may qualify as a Section 924(c) crime of violence only under the "elements clause," not under the "residual clause."  See 18 U.S.C. § 924(c)(3)(A) (requiring an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

As discussed more fully in the Court's March 25, 2020 Order (Doc. No. 100), the Court previously determined that the predicate crime of violence for purposes of Petitioner's Count 7 conviction is Hobbs Act robbery, and so now considers Petitioner's secondary argument that Hobbs Act robbery is not a crime of violence under Section 924(c)'s elements clause after Davis. However, as noted above, unfortunately for Petitioner, the Third Circuit's recent non-

---

[5] The Supreme Court in Davis did not expressly state whether its holding applies retroactively to cases on collateral review.  However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  See In re Matthews, 934 F.3d 296 (3d Cir. 2019); see also In re Hammond, 782 F. App'x 899 (11th Cir. 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

precedential panel opinion in the joined cases of United States v. Monroe and United States v. Copes comes to the opposite conclusion, finding that "[w]hen applying the appropriate 'fear of injury' definition . . . to the correct definition of physical force, Hobbs Act robbery is clearly a crime of violence."  (Doc. No. 117-1 at 5.)  This panel decision is in accord with the overwhelming weight of authority from other Circuit Courts of Appeal on this issue.  See United States v. Mathis, 932 F.3d 242, 265-66 (4th Cir. 2019); United States v. Jones, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Melgar-Cabrera, 892 F.3d 1053, 1066 (10th Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Buck, 847 F.3d 267, 274-75 (5th Cir. 2017); In re St. Fleur, 824 F.3d 1337, 1371 (11th Cir. 2016).  Upon consideration of the above persuasive authorities, this Court finds that Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)'s "elements clause."  Accordingly, because Petitioner's predicate crime of violence supporting his Count 7 conviction – Hobbs Act robbery – is sufficient to support a Section 924(c)(3) conviction, Petitioner has not demonstrated an entitlement to Section 2255 relief.

### III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not

disagree with the Court's assessment of Petitioner's claim.  A COA, therefore, will not issue in this case.

## IV.     CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C.§ 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion.  An Order consistent with this Memorandum follows.